UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ARTEMIDE INC. and ARTEMIDE SPA

                                  Plaintiffs,

         -against-                    **REPORT AND**
                                         **RECOMMENDATION**
SPERO ELECTRIC CORP., PROSPETTO     CV 09-1110 (DRH) (ARL)
LIGHTING LLC, PROSPETTO LIGHT LLC
and PROJECT LIGHT LLC,

                                  Defendants.
-------------------------------------------------------X

**LINDSAY, Magistrate Judge**:

      This matter was referred to the undersigned by District Judge Hurley for the purpose of issuing a report and recommendation as to the amount of damages, attorneys' fees, and costs to be awarded to the plaintiffs following the entry of a default judgment against the defendants, Spero Electric Corp., Prospetto Lighting LLC, Prospetto Light LLC, and Project Light LLC. By order dated April 19, 2010, the undersigned directed the plaintiffs to submit papers in support of their claim for attorneys' fees and injunctive relief. In response, the plaintiffs submitted a letter indicating that the papers filed in support of the motion for a default judgment sufficed for the purposes of determining their right to injunctive relief, but they did file a supplemental affidavit in support of their claim for attorneys' fees. For the reasons set forth below, the undersigned recommends that an order be issued permanently enjoining the defendants and awarding the plaintiffs $ 8,464 in attorneys' fees and costs.

## FACTS

      The plaintiff, Artemide SpA ("SpA"), is an Italian business entity that designs and

manufactures unique lighting products.[1] Compl. ¶¶ 5, 7. The plaintiff, Artemide Inc. ("Artemide"), is a Delaware corporation that exclusively distributes SpA's products in the United States. *Id.* at ¶ 7. The plaintiffs have sold and marketed their lighting products with considerable commercial success. *Id.* at ¶ 35. SpA's designs and products have been included in the permanent collections of major museums, have won numerous accolades, and have garnered significant press coverage. *See id.* at ¶¶ 16, 18. The plaintiffs contend that their reputation for designing and marketing innovative lighting products is well-known to consumers and designers in the marketplace. *See* Pl.'s Memo. of Law at 4.

The plaintiffs discovered that the defendants were selling lighting fixtures that are identical or substantially similar to eight of their lighting products, namely, Nulla 36, Logico, Dome, Miconos, Ierace, Illusa, Cadmo, and Mercury (collectively, "the Artemide products"). *See* Compl. at ¶ 29, Exhs. A-H. Upon learning of the defendants' activities, the plaintiffs commenced this action asserting causes of action for infringement of trade dress pursuant to the Lanham Act, 15 U.S.C. § 1051 et seq., injury to business reputation under New York General Business Law § 360-*l*, and unfair competition under New York common law. *See* Compl. ¶¶ 30-60. The defendant Project Light LLC was served with the summons and complaint through its statutory agent on May 28, 2009, and the remaining defendants were served through the Secretary of State of Ohio on February 18, 2010. *See* Affs. of Service at Docket Nos. 4, 7, 8, 9. Despite such service, none of the defendants answered and the plaintiffs moved for a default judgment. On March 31, 2010, the Clerk of the Court certified the defaults and by order dated April 16, 2010, Judge Hurley entered the default judgment.

---

[1] The facts have been drawn of the allegations in the complaint, which have been admitted by virtue of the defendants' defaults.

**DISCUSSION**

A default constitutes an admission of all well-pleaded factual allegations in the plaintiff's complaint, except those related to damages. *See Greyhound Exhibitgroup, Inc. v. I.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A default also "effectively constitutes an admission that… the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159. Damages must be generally established in an evidentiary proceeding or upon a review of detailed affidavits and documentary evidence. *Id.* at 158. Here, the documentary evidence submitted by the plaintiffs provides a basis for a permanent injunction and an award of attorneys' fees and costs.

**A. Injunctive Relief**

The Lanham Act empowers courts to grant injunctions to prevent, *inter alia*, "a violation under subsection (a), (c), or (d) of Section 1125 of this title." 15 U.S.C. § 1116(a). The entry of a permanent injunction is appropriate to prevent future violations of Artemide's trade dress.[2] *See Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, 348 F. Supp. 2d 217, 240 (S.D.N.Y. 2004). In order to obtain a permanent injunction, the plaintiffs must "satisfy the four-fact list enumerated by the Supreme Court in *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2000), including a showing that it has suffered irreparable injury," and success on the merits. *Montblanc-Simplo GmbH v. Colibri Corp.,* 2010 U.S. Dist LEXIS 92855 * 24 (E.D.N.Y. Sept. 7, 2010). In doing so, a showing of likelihood of confusion as to the source of the goods

---

[2] The relief sought by the plaintiff is available under the Lanham Act. As such, the court need not address the plaintiffs' state law causes of action.

establishes the requisite likelihood of success on the merits, as well as the risk of irreparable harm. *AW Indus., Inc. v. Sleep Well Mattress, Inc.*, 2009 U.S. Dist. LEXIS 123343 *21 (E.D.N.Y. Jan. 30, 2009). In determining whether a likelihood of confusion exists, courts are to consider a number of factors: (1) the strength of the mark; (2) the similarity between the two marks; (3) the proximity of products in the marketplace; (4) the evidence of actual confusion; (5) the defendant's bad faith; (6) the quality of the defendant's product or service; and (7) the sophistication of the relevant consumer group. *Protection One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Serv., LLC*, 553 F. Supp. 2d 201, 206 (E.D.N.Y. 2008) (citing *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961)).

The strength of the trade dress is determined by analyzing the trade dress in its commercial context and determining its ability to identify the goods as emanating from a particular source, even when the source is unknown to the consumer. *Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*, 111 F.3d 993, 1003 (2d Cir. 1997) (citation omitted). Artemide's designs at issue incorporate distinctive decorative or architectural modern design elements that identify Artemide as the source for the lighting fixtures. *See* Compl. at ¶ 36; Exhs. A-H. Artemide's Nulla 36 is a wall or ceiling mounted fixture that has a recessed body, an exposed front section, and a concave diffuser. *See* Compl. at ¶ 20; Exh. A. Artemide's Logico is a wall or ceiling mounted fixture that has a elongated rectangular diffuser available in triple of quadruple configurations. *See* Compl. at ¶ 21; Exh. B. Artemide's Dome is fixture suspended from the ceiling that has a dome shape diffuser with a glass lens at top. *See* Compl. at ¶ 22; Exh. C. Artemide's Miconos fixture is a wall or ceiling mounted fixture or can be suspended from the ceiling or incorporated into a floor or table lamp with a clear spherical diffuser that is inwardly disposed with a diffuser but not from the top of the diffuser. *See* Compl. at ¶ 23; Exh. D.

Artemide's Ierace is fixture that can be suspended from the ceiling or incorporated into a floor or table lamp with a clear transparent diffuser and a circular donut-like support. *See* Compl. at ¶ 24; Exh. E. Artemide's Illusa is ceiling or wall mounted fixture that can be that has a rectangularly shaped diffuser in white artisan glass. *See* Compl. at ¶ 25; Exh. F. Artemide's Cadmo is a floor standing light fixture that has a tapered slim body in white or white and black. *See* Compl. at ¶ 26; Exh. G. Artemide's Mercury is a suspension and ceiling light fixture with a floating assembly of large pebbles below a modern aluminum disc. *See* Compl. at ¶ 27; Exh. H.

As a result of commercial success, advertising, and promotional activities, the Artemide products have acquired distinctiveness or "secondary meaning," indicating to the public a single source for these items.[3] *See id.* at ¶ 36. Artemide's designs have garnered press attention and industry awards, which supports secondary meaning. *Id.* ¶¶ 16, 18. Based on its distinctive design features and secondary meaning in the industry, Artemide's trade dress is strong. The defendants had access to, copied, and appropriated the design trade dress of the Artemide products for the purpose of trading on the plaintiffs' good will. *See* Compl. ¶ 30; *see also* Decl. of Amy B. Goldsmith at 3. It is clear from a review of the photographs submitted by the plaintiffs that the defendants' products are copies or "knock-offs" of the Artemide products. *See id.* at ¶ 29-30; *compare* Exhs. A-H *with* Exhs. I -V. Considering the strength of Artemide's dress and the high degree of similarity in the defendants' products, the court can only conclude that the defendants' infringement was intentional. *See Paddington Corp. v. Attiki Imps. & Distribs., Inc.*, 996 F.2d 577, 587 (2d Cir. 1993).

Given that the defendants are intentionally passing off their products as Artemide

---

[3] Secondary meaning is determined by six non-exclusive factors: (1) advertising expenditures, (2) consumer studies linking the mark to a source, (3) unsolicited media coverage of the product, (4) sales success, (5) attempts to plagiarize the mark, and, (6) length and exclusivity of the mark's use. *Centaur Comm'cns, Ltd. v. A/S/M Comm'cns, Inc.*, 830 F.2d 1217, 1222 (2d Cir. 1987).

products to consumers, a likelihood of confusion exists, and thus, irreparable injury is established. Furthermore, any defects in the defendants' products is likely to cause injury to Artemide's reputation. *See* Compl. ¶¶ 50-52. In light of the foregoing, the undersigned recommends that a permanent injunction be issued.

   B. **Attorneys' Fees and Costs**

The Lanham Act authorizes the award of attorneys' fees to prevailing parties in "exceptional cases." 15 U.S.C. 1117(a). A case is "exceptional" in instances where there is a "willful infringement." *See Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 221 (2d Cir. 2003); *AW Indus., Inc.*, 2009 U.S. Dist LEXIS at *10. Here, the court finds that the defendants' infringing acts are willful and are sufficient to justify an award of attorneys' fees. *See AW Indus., Inc.*, 2009 U.S. Dist LEXIS at *10.

A "presumptively reasonable fee" standard is employed in this Circuit to determine the amount to award as attorneys' fees. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 (2d Cir. 2008). The "presumptively reasonable fee" standard uses the hourly rates employed in the district in which the reviewing court sits, unless the party seeking fees "persuasively establish[es] that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174-75 (2d Cir. 2009) (internal quotation omitted). Although the plaintiffs are represented by a Manhattan-based firm, the plaintiffs have failed to show why out-of-district counsel would have produced a substantially better result. Accordingly, counsel's hourly rates must be reduced to current prevailing rates for legal services in the Eastern District. Current prevailing rates for partners in the Eastern District range from $350 to $450. *Lochren v. County of Suffolk,* 2010 U.S. Dist.

LEXIS 28288 (E.D.N.Y. Mar. 23, 2010)(awarding partner with 40 years of experience $450); *Luca v. County of Nassau*, No. 04-CV-4898, 2010 U.S. Dist. LEXIS 5867 (E.D.N.Y. Jan. 25, 2010) (awarding partner with 25 years experience $400, and partner with 14 years $375); *Morgenstern v. County of Nassau*, 2009 U.S. Dist. LEXIS 116602(E.D.N.Y. Dec. 15, 2009) (awarding $ 400 per hour in a § 1983 case).

The plaintiffs are seeking an award of $13,484.50 in attorneys' fees. However, the plaintiffs have failed to provide any information concerning the attorneys' professional backgrounds, expertise, or experience, except for one sentence in which Ms. Goldsmith submits that she is a shareholder in the firm, and the primary attorney in this case. *See* Suppl. Aff. of Amy B. Goldsmith ¶ 1. Where, as here, the moving party fails to provide any biographical information to support the reasonableness of the rates, the court may use its discretion to award fees at a rate lower than requested. *See Prot. One Alarm Monitoring, Inc. v. Exec. Prot. One Sec. Svc., LLC*, 553 F. Supp. 2d 201, 209 (E.D.N.Y. 2008). Therefore, the court will reduce Ms. Goldsmith's rate to $350 per hour, the minimal current rate for partners in the Eastern District. With no information as to their positions or level of experience, Ms. Kessel's and Mr. Cooper's hourly rates will be reduced to $100 per hour, the current rate for paralegals.

The plaintiffs must also show contemporaneous time records, detailing, "for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). The Court must assess the reasonableness of the time expended and adjust those portions of an invoice that reflect "excessive, redundant or otherwise unnecessary" hours. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The plaintiffs did submit itemized bills for legal services rendered, but did not provide a summary of each attorneys' time expended. *See* Suppl. Aff. of Amy B. Goldsmith,

Exh. A. Based on the court's independent calculation, the plaintiffs seek reimbursement for a total of 44.1 hours, with Ms. Goldsmith expending 10.2 hours, Ms. Kessel expending 29.6 hours, and Mr. Cooper expending 4.3 hours on this case. The total hours expended is reasonable and comparable to similar cases in the Eastern District. *See AW Indus., Inc.*, 2009 WL 485186 at *6 (reducing the hours expended by attorneys to 66 hours in a default trademark case). Therefore, the court recommends an award of attorneys' fees as follows:

| **Attorneys** | <u>Rates</u> | <u>Hours</u> | *Sub-Total* |
|---|---|---|---|
| Amy Goldsmith | $ 350 | 10.2 | $ 3,570 |
| Maris Kessel | $ 100 | 29.6 | $ 2,960 |
| Paraprofessional | $ 100 | 4.3 | $ 430 |
| Total: | | | $ 6,960 |

Prevailing parties are generally entitled to cost awards under the Lanham Act. *See* 15 U.S.C. § 1117(a). Court filing fees, process server, photocopies, and other "[o]ut of pocket litigation costs are generally recoverable if they are necessary for the representation of the client." *AW Indus., Inc.*, 2009 WL 485186 at *6 (quoting *Tri-Star Pictures v. Unger*, 42 F. Supp. 2d 296, 306 (S.D.N.Y. 1999)). The plaintiffs' has provided itemized bills seeking reimbursement for costs associated with a process server, courier, court filings, mailings, copying and legal research. *See* Suppl. Aff. of Amy B. Goldsmith, Exh. A at 3, 4, 6, 8, 9, 11, 14-16). The court finds that the plaintiffs are entitled to these reasonable costs and recommends an award in the amount of $1,504, for a total award of $ 8,464.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to Plaintiffs. Plaintiffs are directed to serve the defendants with a copy by certified mail, return receipt requested, and to file proof of service with the court. Any objections to this report and recommendation must be

filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
November 23, 2010

                                                                  /s/
                                      ARLENE ROSARIO LINDSAY
                                      United States Magistrate Judge